IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | No.   CR 1:20-02126-001 JB |
| KENDALE JOHNSON, | § | |
| Defendant. | § | |

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL

KENDALE JOHNSON, Defendant, by and through undersigned counsel Aric G. Elsenheimer, and moves the court to continue the jury trial currently scheduled for September 20, 2021, and to vacate and reschedule all other deadlines and settings in this matter. In support of this motion, Mr. Johnson states:

1. Mr. Johnson pleaded not guilty to an indictment on July 22, 2021. Mr. Johnson is charged by indictment with Felon in Possession of a Firearm and Ammunition, pursuant to 18 U.S.C. § 922(g)(1) and 924.

2. Trial in this matter is currently scheduled for September 20, 2021.

3. Mr. Johnson respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Johnson requests an additional 90 days from the current setting to review discovery and conduct a preliminary investigation. Additionally, Mr. Johnson requires time to prepare for trial, prepare and file pretrial motions, and to continue to pursue plea negotiations with the government. Ninety days is the minimum amount of time that is required to

conduct such discussions and set this matter for a change of plea hearing, if a resolution is reached.

4. A continuance is necessary for counsel to complete the following tasks:

   a. Receive and review discovery and conduct an investigation.

   b. Continue plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial.

   c. Research, prepare, and file pretrial motions, including possible motions to suppress and other motions in limine.

   d. Complete an investigation into the allegations and charges against Mr. Johnson.

5. Mr. Johnson requests a continuance of the trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete plea negotiations in this case.

6. Mr. Johnson's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Johnson will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Mr. Johnson agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Johnson and will permit him additional time to prepare and file pretrial motions, to further investigate this case, and to prepare for trial. Additionally, a continuance will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Johnson his rights under the Speedy Trial Act and Mr. Johnson understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

8. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Johnson time to review the discovery, pursue any investigation, and assess the viability of any defenses. Additional, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Johnson by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Counsel for the government, Novaline Wilson, does not oppose this motion.

WHEREFORE, Mr. Johnson, by and through undersigned counsel, respectfully request that this Court continue the jury trial and motions deadline as set forth above.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

 /s/ *filed electronically September 8, 2021*
ARIC G. ELSENHEIMER, AFPD
Attorney for Mr. Kendale Johnson